IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jason Sanford, | ) | Case No. 6:17-cv-03204-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a Motion for Summary Judgment and Return and Memorandum on March 9, 2018. ECF Nos. 17, 18. Petitioner filed a Response in Opposition to the Motion for Summary Judgment, and Respondent filed a Reply. ECF Nos. 25, 27.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On October 26, 2018, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted and the Petition be denied. ECF No. 28. Petitioner filed objections to the Report. ECF No. 30.

**APPLICABLE LAW**

*Standard of Review*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

*Habeas Corpus*

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

***Ineffective Assistance of Counsel***

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, a petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id*. at 687–88. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). In applying § 2254(d), "the question is not whether counsel's actions were

3

reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Id*.

In the specific context of a guilty plea, to satisfy the prejudice prong of *Strickland*, a prisoner must show that "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Supreme Court further explained,

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial . . . . As we explained in *Strickland v. Washington*, *supra*, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker." *Id*., 466 U.S., at 695.

*Hill*, 474 U.S. at 59–60.

## **DISCUSSION**

Petitioner raised four grounds in his Petition. Petitioner states that he does not object to the Magistrate Judge's recommendation with respect to Grounds Two, Three, and Four. ECF No. 30 at 1. The Court has reviewed this portion of the Report for clear

4

error and agrees with the recommendation of the Magistrate Judge that these grounds are procedurally barred from federal habeas review. Petitioner objects to the Magistrate Judge's recommendation with respect to Ground One. The Magistrate Judge provided a thorough recitation of the procedural history and the relevant law, including the summary judgment standard and the habeas corpus standard of review, which the Court incorporates into this Order by reference.

### *Ground One*

In Ground One, Petitioner asserts that plea counsel was ineffective for failing to adequately advise him on the murder conviction. ECF No. 1 at 5. Specifically, he argues that plea counsel was ineffective for failing to advise Petitioner that any sentence for murder had to be served day-for-day. The Magistrate Judge addressed the merits of this claim and determined that Petitioner failed to establish that the post-conviction relief ("PCR") court's denial of his ineffective assistance of counsel claim was either contrary to or an unreasonable application of applicable Supreme Court precedent.

Petitioner contends that his parole eligibility was not a collateral matter; accordingly, plea counsel was obligated to inform him of this critical aspect of the plea. ECF No. 30 at 2. He asserts that PCR court's order is contrary to the Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010). The Court disagrees.

The *Padilla* Court determined that counsel has an affirmative duty to advise a criminal defendant about possible ramifications of a guilty plea could have on his

5

immigration status. The Supreme Court recognized that the threat of deportation is unique and explicitly limited their holding to that circumstance. Moreover, as referenced by the Magistrate Judge, the Supreme Court of South Carolina has found that parole eligibility is "[n]ormally . . . a collateral consequence of sentencing of which a defendant need not be specifically advised before entering a guilty plea."[1] *Griffin v. Martin*, 300 S.E.2d 482, 482–83. (S.C. 1983).

Here, plea counsel testified that it was not his practice to advise clients regarding parole eligibility, and Petitioner has not provided any evidence to the contrary.[2] App. 92. Thus, Petitioner fails to identify any applicable Supreme Court precedent that would entitle him to federal habeas relief. Moreover, after a de novo review of the record, applicable law, and the Report, the Court finds that the Magistrate Judge accurately applied the relevant law to Petitioner's claim.

Petitioner further argues that he was prejudiced by counsel's ineffective representation because he would not have not have pled guilty if he had known that he

---

[1] The Court notes that the Fourth Circuit, among other circuit courts, has found that *affirmative misadvice* concerning nonimmigration consequences of a conviction can constitute ineffective assistance of counsel. *See, e.g.*, *Strader v. Garrison*, 611 F.2d 61, 65 (4th Cir. 1979), *overruled on other grounds by O'Dell v. Netherland*, 95 F.3d 1214, 1222–23 (4th Cir. 1996) ("[T]hough parole eligibility dates are collateral consequences of the entry of a guilty plea of which a defendant need not be informed if he does not inquire, when he is grossly misinformed about it by his lawyer, and relies upon that misinformation, he is deprived of his constitutional right to counsel").

[2] At his PCR hearing, Petitioner testified that he did not ask his plea counsel about parole eligibility. App. 71.

would be ineligible for parole. ECF No. 30 at 5. The PCR court found Petitioner's testimony that he would not have pled guilty if he had been advised of parole eligibility to be "dubious and unavailing." App. 106. The Magistrate Judge also notes that the PCR court found Petitioner's testimony to be lacking in credibility and found plea counsel provided credible and convincing testimony. *Id*. This finding is entitled to deference which Petitioner has not overcome. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1))); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them").

The PCR court's denial of the Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. *See* App. 100. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Accordingly, Petitioner's objections are overruled.

## **CONCLUSION**

The Court adopts and incorporates the Magistrate Judge's Report and Recommendation [28]. Accordingly, Respondent's Motion for Summary Judgment [17] is **GRANTED**.

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

March 6, 2019
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.